Argued and submitted February 4, 1983; resubmitted In Banc January 12,
reversed January 25, reconsideration denied April 6,
petition for review allowed May 1, 1984 (297 Or 82)
See 297 Or 635, 686 P2d 1023 (1984)

# STATE OF OREGON,
*Respondent,*

*v.*

# TINA MARIE GOFF,
*Appellant.*

## (8201-0092m; CA A26101)

675 P2d 1093

Thomas A. McHill, Lebanon, argued the cause for appellant. With him on the brief was Morley, Thomas, Kingsley & Reuter, Lebanon.

Kay Kiner James, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

WARREN, J.

Buttler, J., dissenting.

Rossman, J., dissenting.

## WARREN, J.

Defendant appeals from convictions on two counts of child neglect under ORS 163.545. She claims the trial court erred in refusing to exclude certain evidence and in denying her motion for judgment of acquittal. We reverse the convictions, because we find no substantial evidence, viewed in the light most favorable to the state, to support the verdict.

On October 31, 1981, defendant was living in a small house with her two children, ages eight years old and 22 months old. At approximately 9:30 p.m., defendant left her home with two other adult residents of the house to attend a Halloween party at a local tavern, some three minutes away by automobile. Having failed to locate child care earlier in the day, defendant left the children unsupervised, with the older child watching television and the younger child asleep. Defendant left the older child with telephone numbers of the tavern and a friend's residence directly across the street from defendant's residence. There was testimony at trial that the older child was proficient in the use of the phone and could ask for help from neighbors if required. Between 10:45 p.m. and 11 p.m. that evening, two adult friends of defendant's drove from the tavern to defendant's home to pick up a camera and check on the children. They found the younger child asleep in her room and the older child watching television. When defendant returned home at approximately 2 a.m. on November 1, 1981, she found the house filled with heavy black smoke. Attempts to rescue the children failed, and both died. No evidence exists in the record as to the cause of the fire.

Defendant was subsequently convicted of child neglect under ORS 163.545, which provides, in relevant part:

"(1) A person having custody or control of a child under 10 years of age commits the crime of child neglect if, with criminal negligence, he leaves the child unattended in or at any place for such period of time as may be likely to endanger the health or welfare of such child."

Defendant made a motion *in limine* to exclude evidence that at the time she was absent from the home she was at a tavern, that she participated in the consumption of intoxicants and anything related to the precise nature of her activities, as well as the fact that the two children died as a result of the fire. No error was assigned to any trial evidence ruling.

■ Although, strictly speaking, the challenged evidence was not material in that it was not probative of any fact essential to a conviction, it was not reversible error to admit it. A jury cannot be expected to understand a case tried in a vacuum. Evidence may be admitted to give a jury a complete picture of the events and to place the parties in their setting. In order to avoid undue prejudice to the parties, however, such evidence must be carefully limited to that sufficient for the purpose of completing the picture. We cannot say that it was an abuse of discretion to permit the subjects objected to in the motion *in limine* to be touched on. No trial objection to the extent of proof on those issues is assigned as error. We, therefore, assume that the evidence was properly admitted and turn to defendant's motion for judgment of acquittal.

The child neglect statute forbids only conduct by those having custody of a child under the age of ten years which, by the location and period of time for which a child is left unattended, constitutes a gross deviation from the standard of care which a reasonable person would exercise in such a situation. *State v. Mills,* 52 Or App 777, 783, 629 P2d 861, *rev den* 291 Or 662 (1981). The standard of care under ORS 163.545 is "criminal negligence," defined in ORS 161.085(10):

> " 'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

*State v. McLaughlin,* 42 Or App 215, 219, 600 P2d 474, *rev den* 288 Or 173 (1979).

■ A careful reading of the language in ORS 163.545(1) and the standard of care in ORS 161.085(10) leads us to conclude that the legislature intended to require the state to produce evidence of a recognized or unrecognized dangerous condition in defendant's home from which a substantial and unjustifiable risk could be inferred. As a result, the focus of the inquiry for the trial court in deciding whether to submit a charge of child neglect to the jury should be on evidence of

such a risk to the children and whether the alleged failure to recognize the risk differed in an extraordinary way from what others would have done in similar circumstances. Whether a substantial and unjustifiable risk existed which defendant recognized or should have recognized is an essential element in the determination of her criminal culpability.

A thorough review of the record in this case reveals no evidence of a substantial and unjustifiable risk that defendant should have recognized would be likely to endanger her children. The state's brief fails to point to any evidence from which the existence of a risk could be inferred. Evidence was presented that there were no dangers recognized, that the older child was responsible and had used a telephone in the past, that the neighborhood was a quiet one and that the house contained nothing posing any risk of fire. There was no contrary evidence, and the cause of the fire was not explained.

We can only conclude that the trial produced no evidence of a recognized or recognizable dangerous condition in defendant's home from which a substantial and unjustifiable risk to support defendant's conviction could be inferred. Under these facts, taken in the light most favorable to the state, the evidence does not prove that defendant left "the [children] unattended in or at [a] place for such a period of time as may be likely to endanger the health or welfare of such child." ORS 163.545(1). In the absence of some showing of a failure to recognize a substantial and unjustifiable danger or risk to the children, the state has failed to produce any evidence to prove the essential element of criminal negligence. If the criminal negligence standard is to be removed from the child neglect statute, it should be done through the legislative process, not through judicial interpretation. We, therefore, conclude that no evidence exists from which an honest and well-motivated juror could find defendant guilty of criminally negligent child neglect beyond a reasonable doubt and reverse defendant's conviction. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974).

We decline defendant's invitation of reconsider the constitutionality of ORS 163.545. *See State v. Mills, supra.*

Reversed.

**BUTTLER, J.,** dissenting.

I do not agree with Warren, J., or Rossman, J., that evidence that defendant's children died as a result of a fire during defendant's absence is relevant. Because its admission was prejudicial, the conviction must be reversed. However, I agree with Rossman, J., that evidence of the circumstances of, and reasons for, defendant's leaving the children alone is relevant. With that evidence, there is sufficient admissible evidence to permit a reasonable juror to find defendant guilty of child neglect. Accordingly, I would reverse and remand for a new trial.

Reading ORS 163.545 and 161.085(10) together, defendant is guilty of child neglect if she failed to be aware of a substantial and unjustifiable risk that leaving her children unattended at home for such period of time as may be likely to endanger the health or welfare of the children. The focus is on the *circumstances* at the time and place the mother left the children unattended rather than on the *result* that followed. In evaluating defendant's recognition of, or failure to recognize, a substantial and unjustifiable risk, it seems to me to be relevant that defendant left her home at 9:30 p.m. to attend a party at a local tavern, with no apparent scheduled return time. Her reason for leaving the children, that is, to attend a Halloween party at a tavern where alcoholic beverages would be consumed, is relevant to the justifiability of the risk. Her lack of a planned time for return from that party is relevant to the substantiality of the risk — she might be gone one hour or she might be gone all night. In fact, she was gone four and one-half hours.

Although that evidence may not be compelling, it is at least relevant in determining the circumstances that existed at the time defendant left the children unattended and in determining whether those circumstances were likely to endanger the health or welfare of the children. A reasonable juror could infer from that evidence that a reasonable person would have recognized a substantial and unjustifiable risk and would have acted differently. Evidence that defendant's eight-year-old child was proficient in the use of a telephone and could call neighbors for help, if required, does not preclude a reasonable juror's so inferring, because that evidence need not be believed, and even if believed, might not be considered

sufficient to outweigh the substantiality of the risk in leaving an eight-year-old child with a twenty-two-month-old child for an indefinite period of time at night to go to a party at a tavern.

Accordingly, I would reverse and remand for a new trial.

Warden, J., joins in this dissent.

**ROSSMAN, J.,** dissenting.

I have strong reservations about the extremely narrow and restrictive interpretation of ORS 163.545 that is advanced by the majority. Their opinion misconstrues the purpose and meaning of the statute when it states:

> "A careful reading of the language in ORS 163.545(1) and the standard of care in ORS 161.085(10) leads us to conclude that the legislature intended to require the state to produce evidence of *a recognized or unrecognized dangerous condition in defendant's home* from which a substantial and unjustifiable risk could be inferred. * * *" 66 Or App at 698. (Emphasis supplied.)

Certainly, one of the purposes of the statute was to protect children from dangerous physical conditions or defects which exist in the place the children are left unattended, but the statute does much more than look to a parent's compliance with the building code for an indication that children are not being neglected. A child does not have to be injured because of faulty wiring or dry rot to come under the protections of this statute. ORS 163.545 is, above all, designed to protect children from the dangers which are inherent in being very young. Children lack the experience and judgment which are necessary to gauge the risks involved in many of life's situations and activities. By their very nature they can be a risk to themselves, especially when left alone. ORS 163.545 in effect requires parents to exercise judgment on behalf of their children and imposes liability in certain cases where they have failed to do so. A reading of the legislative history of this statute, as set forth in the commentary to the proposed criminal code, makes this very clear.

> "The term 'unattended' means that the child is left under circumstances in which no responsible person is present to attend to his needs. Leaving a three month old child in the

care of a nine year old child might, in some cases, amount to child neglect. An alleged offense under this section must be viewed as a totality of circumstances; the age of the child, place where left, whether it was left alone or in the company of others, period of time left and, finally, whether the sum of these circumstances are such as would endanger the health or welfare of the child." Proposed Oregon Criminal Code § 174 (1970).

The interpretation suggested by the majority would severely restrict the applicability of ORS 163.545, which would, in turn, critically hamper efforts to deal with the very real problem of child neglect.

The majority does agree, although somewhat equivocally, that the trial court properly admitted the evidence of defendant's presence at the tavern and the children's deaths in the fire. Thus, under the totality of the circumstances, as addressed by the statute, the negligence picture was completed. In the face of all this evidence, I am at a loss to understand how the majority is able to conclude that the trial court erred in not granting defendant's motion for judgment of acquittal.

I would affirm.